UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                              Criminal No. 13-254 (DWF/TNL)

          Plaintiff,

v.                                                     **MEMORANDUM**
                                                          **OPINION AND ORDER**
Jamillo Donte Spight,

          Defendant.

## INTRODUCTION

This matter is before the Court upon Defendant Jamillo Donte Spight's motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1). (Doc. No. 130.) The Defendant moved for a new trial based on the discovery of purportedly new evidence. The United States ("the Government") opposed the Defendant's motion in all respects. (Doc. No. 131.) For the reasons outlined below, the Court denies Defendant's motion.

## BACKGROUND

A grand jury indicted the Defendant for being an Armed Career Criminal in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) following his arrest for possession of a firearm at Johnny Baby's, a neighborhood bar in St. Paul, Minnesota. (Doc. No. 18.) The Defendant waived his right to a jury trial, and the case proceeded as a one-day trial before this Court on January 27, 2014.

The Government called the following witnesses: Eric Wasson and Anika Davis, two security guards who worked at Johnny Baby's the night that the Defendant brought the gun to the bar; Jonathan Price, the owner of Johnny Baby's; Robert Bisson, the Saint Paul police officer who took the Defendant into custody and transported him to jail; and Martin Robert Siebenaler, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF").

Wasson testified that he approached the Defendant, had a three- or four-minute conversation with him, after which the Defendant "mumbled something" and walked out of the bar. (Doc. No. 68, Finding of Fact ¶ 11.) Subsequently, the Defendant returned to the bar with a pistol in his hand. Seeing the gun, Wasson grabbed it. In the ensuing struggle, the gun discharged twice. (Doc. No. 68, Finding of Fact ¶ 12.)

Surveillance video from Johnny Baby's confirmed Wasson's testimony. Indeed, Wasson's positive identification of the Defendant was consistent with all evidence in the case. Anika Davis, another security guard at Johnny Baby's also observed the Defendant with a gun wrapped in what she believed to be boxer shorts. (Doc. No. 68, Finding of Fact ¶ 14.) ATF Special Agent Martin Robert Siebenaler testified that the gun in question was a firearm as defined under 18 U.S.C. § 921(a)(3), that it was manufactured in Connecticut, and that the gun therefore traveled in interstate commerce before the Defendant possessed it. (Doc. No. 68, Finding of Fact ¶ 17.)

The Court also concluded that, based upon the evidence at trial, the Defendant had five prior felonies as follows:

| OFFENSE | DATE OF OFFENSE | DATE OF CONVICTION | JURISDICTION |
|---|---|---|---|
| Terroristic Threats | May 19, 2012 | October 11, 2012 | Ramsey County, Minnesota |
| Sale of Narcotics Third Degree | June 4, 2009 | September 28, 2009 | Ramsey County, Minnesota |
| Aggravated Robbery | March 2, 2002 | June 27, 2002 | Ramsey County, Minnesota |
| Sale of Narcotics Third Degree | October 25, 2001 | February 19, 2002 | Ramsey County, Minnesota |
| Auto Theft | October 17, 2001 | February 19, 2002 | Ramsey County, Minnesota |

(*See* Doc. Nos. 18 & 68, Finding of Fact ¶ 18.)

The parties stipulated that on or prior to September 21, 2013, the Defendant was prohibited by law from possessing a firearm because he had been convicted of a crime punishable by imprisonment for a term exceeding one year. (*See* Government's Trial Exhibit 35.) On January 6, 2014, the Court concluded that the Defendant was an armed career criminal in possession of a firearm and sentenced him to 212 months.

As the Government observed, the Defendant complained at the time of his sentencing about: (1) his trial counsel's decision not to offer DNA evidence at trial;[1] and (2) his trial counsel's decision not to pursue gunshot residue testing. (Sentencing Tr. at 36-39.) Significantly, the Court, at that time, responded to the Defendant by stating that

---

[1] The DNA evidence from the gun showed that there were four or more contributors to the DNA profile. (Sentencing Tr. at 36.) While 89.3% percent of the population can be excluded as contributing to the profile, the Defendant could not. *Id.*

its verdict in the case would not have been different even with the disputed evidence. (Sentencing Tr. at 49-50.)

The Defendant filed an appeal to the Eighth Circuit and raised the following issues: (1) sufficiency of the evidence; (2) whether this Court erred in admitting the testimony of an ATF interstate-nexus expert; (3) whether the Defendant's trial counsel was ineffective for making an evidentiary stipulation and allegedly not adequately investigating the case; and (4) whether the Government failed to disclose exculpatory evidence during discovery. *See United States v. Spight*, 817 F.3d 1099, 1100-01 (8th Cir. 2016). The Eighth Circuit Court of Appeals declined to consider the Defendant's claim for ineffective assistance of counsel and affirmed the Court on all other issues raised by the Defendant.

## DISCUSSION

In the Defendant's motion for a new trial, the Defendant argues that he is entitled to a new trial because of what he refers to as "newly discovered evidence" that Eric Wasson (a security guard) and Johnny Price (the bar owner) were selling drugs from Johnny Baby's. The Court assumes that the Defendant is raising this evidence now, for the first time, because his narrative of events has changed. In his current motion, Defendant now alleges, contrary to his defense at the trial, that he possessed the gun in question for public safety purposes to "secure himself" and to protect the bar. (Doc. No. 130 at 1-2.) Additionally, and also for the first time and contrary to his theory at trial, the Defendant contends that he took the gun from "[d]rug dealers outside the [b]ar

4

who were associates of Wasson." (Doc. No. 130 at 3.) Presumably, this is why the Defendant has asserted that this so-called "newly discovered evidence" that Wasson and Price were allegedly selling drugs at the bar is relevant or material to his case and to his defense.

The Court accepts that the decision to grant or deny a new trial is a matter of discretion with the Court and that there are indeed instances that manifest injustice that require the granting of such motions. *See United States v. Espinosa*, 300 F.3d 981 (8th Cir. 2002); *United States v. Lacey*, 219 F.3d 779 (8th Cir. 2000); *United States v. Lincoln*, 630 F.2d 1313 (8th Cir. 1980). The case before the Court, however, is not such a case. The interests of justice do not require this Court to vacate the verdict rendered in this case based upon the evidence before the Court.

The Court interprets the Defendant's motion as one alleging newly discovered evidence. Federal Rules of Criminal Procedure 33(b)(1) permits a motion for a new trial based on newly discovered evidence within three years after the verdict.

To constitute newly discovered evidence, the Court must find that:

1. the evidence was first discovered after trial;
2. the failure to find the evidence before trial was not due to lack of diligence;
3. the new evidence is material;
4. it is more than cumulative or impeaching; and
5. it is likely to produce an acquittal if the court grants a new trial.

*United States v. Swayze*, 378 F.3d 834, 837 (8th Cir. 2004) (citing *United States v. Dogskin*, 265 F.3d 682, 685 (8th Cir. 2001)).

As the Government noted, the evidence in question was known to the Defendant prior to trial. In fact, the Defendant alleges that he asked his trial counsel to investigate the sale of drugs at Johnny Baby's. (Doc. No. 130 at 2.) This evidence therefore cannot be properly deemed "newly discovered evidence." That, however, is not the critical issue before this Court. Even viewing the evidence in the light most favorable to the Defendant, and even assuming that Wasson and Price were selling drugs at Johnny Baby's, it would not have affected in any way the verdict in this case. Moreover, even ignoring the fact that the Defendant's theory and defense at trial was that he at no time possessed the gun in question, the verdict would have been the same if the Defendant's evidence at trial had been that he possessed the gun for public safety purposes and to protect individuals in the bar, after having taken it away from "[d]rug dealers" outside the bar who were associates of Wasson. (*See id.* at 3.)

Further, even assuming as the Defendant alleges that there would have been impeachment value to establishing that there were drug sales occurring at Johnny Baby's, again, the verdict would have been the same. The issue before the Court was whether the Defendant was a convicted felon in possession of a firearm. As the Court noted at the sentencing hearing, it watched the surveillance video of the offense three times. The video clearly showed the Defendant entering Johnny Baby's with a gun and committing an assault, which he denied. (Sentencing Tr. at 4& 11-12.) Consequently, even assuming that the Court had received the "new evidence" that the Defendant now wants considered with his new theory of defense, the verdict would have remained the same.

6

For all of these reasons, the Court respectfully denies the Defendant's motion for a new trial. There was no miscarriage of justice. The Defendant received a fair trial.

Based upon the presentation and submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Jamillo Donte Spight's motion for a new trial, pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Doc. No. [130]) is hereby **DENIED**.

Dated: March 6, 2017        s/Donovan W. Frank
                            DONOVAN W. FRANK
                            United States District Judge