**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 13-254 (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Jamillo Donte Spight, | |
| Defendant. | |

Jamillo Donte Spight, Defendant, *Pro Se*, counsel for Defendant.

Carol M. Kayser, Assistant United States Attorney, United States Attorney's Office, counsel for the Government.

## INTRODUCTION

This matter is before the Court on Defendant Jamillo Donte Spight's ("Defendant") *pro se* motions for a sentence reduction pursuant to Section 404 of the First Step Act and for the appointment of counsel. (Doc. Nos. [148], [154].) The United States of America (the "Government") opposes Defendant's motion for a reduced sentence. (Doc. No. [151].)

Defendant requests that this Court consider reducing his sentence and seeks release from imprisonment. Defendant also requests that the Court appoint an attorney to represent him. The Government argues that because Defendant was not convicted of a

covered offense, he is not eligible for relief under the limited provisions of the First Step Act.

For the reasons set forth below, the Court respectfully denies Defendant's motion for a sentence reduction and therefore denies his motion for appointment of counsel as moot.

## BACKGROUND

Following a bench trial before this Court on January 24, 2017, Defendant was convicted of a single count of being an Armed Career Criminal in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. Nos. 58, 98.) On January 6, 2015, the Court sentenced Defendant to a term of 212 months' imprisonment, to be followed by a five-year period of supervised release. (Doc. No. 98.)

Defendant appealed his conviction; the Eighth Circuit affirmed on April 4, 2016. (Doc. Nos. 114, 115; *United States v. Spight*, 817 F.3d 1099 (8th Cir. 2016).) Defendant timely filed a *pro se* motion under 28 U.S.C. § 2255 to vacate his sentence on the grounds that his trial counsel provided ineffective assistance through a variety of failures to act. (Doc. No. 119.) The Court denied the motion, finding that Defendant's claims lacked merit and did not justify the issuance of a certificate of appealability. (Doc. No. 136.) Defendant also filed a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(1), which this Court denied. (Doc. Nos. 130, 137.) Again, the Eighth Circuit affirmed the Court's decisions. (Doc. No. 146.)

At sentencing, the Court articulated its reasoning for the terms imposed based on careful consideration of the record and all applicable sentencing criteria, including

2

Defendant's Presentence Investigation Report ("PSR"), the applicable United States Sentencing Guidelines (the "Guidelines"), and the sentencing factors outlined under 18 U.S.C. § 3553(a). (*See generally* Doc. No. 109.) The Court explained its findings that that Defendant's previous convictions were qualifying predicate offenses for Armed Career Criminal Act (ACCA) purposes and that the instant offense occurred in connection with a crime of violence, resulting in an advisory guidelines range of 262 to 327 months' imprisonment with a statutory mandatory minimum sentence of fifteen years' imprisonment. (*Id.* at 24, 26-27.) The Court varied downward, imposing a sentence of 212 months' imprisonment and five years of supervised release in order to promote respect for the law and address deterrence and other sentencing considerations without compromising public safety. (*Id.* at 53, 56-57; Doc. No. 99.)

Defendant is currently incarcerated at the Administrative United States Penitentiary in Thomson, Illinois, and is scheduled to be released on June 3, 2029.[1] He requests consideration for a reduction in his term of imprisonment so that he "can do the right thing" for himself and his community, noting that he has started an apprenticeship to become an electrician. (Doc. No. 154.)

## DISCUSSION

The First Step Act was enacted into law on December 21, 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"). Previously, Congress enacted the Fair

---

[1] Inmate Locator, *Find an inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Oct. 1, 2019) ("Inmate Locator"). As the website notes, this date is subject to updates depending on calculations of Defendant's good conduct time.

Sentencing Act of 2010, which reduced the disparity in sentencing between offenses involving crack and powder cocaine and eliminated mandatory minimum sentencing for simple possession of controlled substances. *See* Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act") (codified at 21 U.S.C. §§ 841(b)(1) and § 844(a)). The Fair Sentencing Act changed the drug quantities required to trigger certain mandatory minimum sentences. *See* 21 U.S.C. § 841(b)(1)(A)(iii). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who committed a crack cocaine offense before August 3, 2010 but were not sentenced until after that date. *Dorsey v. United States*, 567 U.S. 260, 264 (2012). The Fair Sentencing Act was not retroactive, however, meaning that sentences from before August 3, 2010 remained as originally imposed. *Dorsey*, 567 U.S. at 281; *United States v. Orr*, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive for those convicted of covered offenses, defined as violations "of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" and "committed before August 3, 2010." First Step Act § 404(a). Specifically, Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."

Defendant was sentenced pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2), neither of which is included in Sections 2 or 3 of the Fair Sentencing Act. *See* Fair

4

Sentencing Act Sec. 2-3.  Accordingly, he is not eligible for relief under the First Step Act.  First Step Act. § 404.

## CONCLUSION

Based upon the submissions of the parties, the Court having once more carefully reviewed the record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Jamillo Donte Spight's *pro se* Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act (Doc. No. [148]) is respectfully **DENIED**.

2. Defendant's *pro se* Motion to Appoint Counsel (Doc. No. [154]) is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  October 3, 2019                                s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                     United States District Judge