UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-254 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Jamillo Donte Spight, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Petitioner-Defendant Jamillo Donte Spight's self-styled *pro se* motion to amend or for relief from judgment. (Doc. No. 160.) The United States of America (the "Government") responded by filing a motion to dismiss Spight's motion. (Doc. No. 163.) For the reasons set forth below, the Court grants the Government's motion and dismisses Spight's motion.

## BACKGROUND

Spight was charged with being an armed career criminal in possession of a firearm in October 2013. (Doc. No. 18.) Following a bench trial, this Court found Spight guilty of that charge and sentenced him to a 212-month prison term to be followed by a five-year term of supervised release. (Doc. Nos. 68, 98.) Subsequently, Spight appealed to the Eighth Circuit, which affirmed the Court's judgment. (Doc. Nos. 100, 115.) Spight is currently incarcerated at USP Beaumont with an anticipated release date of July 2, 2029.

*Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Mar. 19, 2025).

Spight previously filed a motion under 28 U.S.C. § 2255 (Doc. No. 119) and a motion for a new trial (Doc. No. 130), which the Court denied on March 6, 2017 (Doc. Nos. 136, 137). Spight also previously moved for a sentence reduction under the First Step Act (Doc. No. 148), which the Court denied on October 3, 2019 (Doc. No. 155). Spight now files a motion styled as a motion to amend under Rule 15(c) or motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 160.) In the motion, Spight asks the Court to review his prior convictions under the ACCA and resentence him. (*Id.* at 1, 3.) The Government argues that this motion is in fact an unauthorized second or successive § 2255 motion which must be dismissed. (Doc. No. 163.)

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may not file a second or successive § 2255 motion unless they receive prior authorization from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Federal prisoners cannot circumvent this statutory requirement by filing a second or successive § 2255 as a different type of motion. *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam). Here, Spight filed a motion under Rules 15(c) and 60(b)(6), but the Government asserts that the motion is an attempt to circumvent the authorization requirement of § 2255(h).

Rule 60(b) provides relief from a final judgment, order, or proceeding under certain narrow circumstances. Fed. R. Civ. P. 60(b). Rule 60(b) applies in habeas

2

proceedings, but a defendant cannot avoid the restrictions of § 2255(h) by disguising a second or successive motion as a Rule 60(b) motion. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). Thus, district courts must first determine whether the defendant's Rule 60(b) motion amounts to a second or successive § 2255 motion. *Id.* A Rule 60(b) motion amounts to a second or successive § 2255 motion when it attacks a court's previous habeas ruling on the merits or raises "new claims for relief." *Rouse v. United States*, 14 F.4th 795, 799 (8th Cir. 2021) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). In contrast, a Rule 60(b) motion can provide relief when a defendant attacks "some defect in the integrity of the federal habeas proceedings." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Spight's present motion under Rule 60(b) amounts to a second or successive collateral attack under § 2255. In the motion, he challenges the validity of his sentence based on a subsequent change in substantive law and does not allege any defect in the previous § 2255 proceedings. A subsequent change in substantive law is an attack on the merits, and thus, this motion qualifies as a second or successive § 2255 motion. *Id.* Accordingly, the Court cannot grant Spight any relief under Rule 60(b).

Similarly, the Court cannot grant Spight any relief under Rule 15(c). In habeas proceedings, courts may grant leave to amend a previous § 2255 motion under Rule 15. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under Rule 15(c), amendments made after the § 2255 statute of limitations has lapsed can relate back to a timely filed § 2255 motion under certain circumstances. *Id.*; Fed. R. Civ. P. 15(c). However, pleadings, including § 2255 motions, usually cannot be amended after a final judgment has been entered,

unless that judgment has been vacated under Rule 59(e) or 60(b). *United States v. Jeanetta*, No. 05-cr-341, 2012 WL 13123735, at *2 (D. Minn. Apr. 13, 2012); *see also Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam).

Here, the Court ruled on Spight's original § 2255 motion on March 6, 2017. (Doc. No. 136.) That judgment has not been vacated under Rule 59(e) or Rule 60(b), nor are there grounds for the Court to vacate the judgment under those rules. Rule 59(e) only allows motions to alter or amend a judgment within 28 days of entry. Fed. R. Civ. P. 59(e). More than eight years have passed since the Court's original ruling, so this rule no longer applies. Further, the Court has already determined that Spight is not entitled to relief under Rule 60(b). Accordingly, the previous ruling cannot be vacated. Thus, it follows that Spight cannot be granted leave to amend his § 2255 motion under Rule 15.

Accordingly, the Court views Spight's present motion as a second or successive § 2255 motion. Before a defendant may file a second or successive § 2255 motion, they must first obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Spight has not received the required authorization from the Eighth Circuit Court of Appeals. Consequently, the Court is obligated to dismiss this motion for failure to obtain authorization from the Eighth Circuit.

## EVIDENTIARY HEARING

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Spight's claims. A § 2255 motion can be dismissed without a hearing when: (1) the defendant's allegations, if accepted as true, would not entitle them to relief; or (2) the allegations cannot be accepted as true because

4

they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Applying that standard to the Spight's allegations and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken to a court of appeals from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing requires showing that an issue is "debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Here, the Court concludes that no issue raised is debatable among reasonable jurists. Therefore, Spight has not made the substantial showing necessary for the issuance of a COA.

## CONCLUSION

The Court finds that it lacks jurisdiction to consider Spight's present motion because it is properly construed as an unauthorized second or successive § 2255 motion. The Court acknowledges Spight's frustration with the procedural requirements of habeas proceedings. Nevertheless, the Court cannot ignore the requirements of the statute.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. The Government's motion to dismiss (Doc. No. [163]) is **GRANTED**.

2. Petitioner-Defendant Jamillo Donte Spight's motion to amend under Rule 15(c) or motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure (Doc. No. [160]) is **DISMISSED FOR LACK OF JURISDICTION**.

3. No evidentiary hearing is required in this matter.

4. No Certificate of Appealability will be issued to Petitioner-Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 21, 2025               s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge